# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD PERINO,
  Appellant,

v.

DEPARTMENT OF
  TRANSPORTATION,
  Agency.

DOCKET NUMBER
DE-3443-14-0447-I-1

DATE: August 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald Perino, Albuquerque, New Mexico, pro se.

Theresa Dunn, Esquire, Fort Worth, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's claim raised in the first instance on review that he suffered a constructive demotion, we AFFIRM the initial decision.

## BACKGROUND

¶2 The following facts are undisputed.[2] The appellant is a former Supervisory Air Traffic Control Specialist at the agency's Air Route Traffic Control Center in Albuquerque, New Mexico (the Albuquerque Center or facility), who retired from service on July 31, 2013, having reached the mandatory separation age for air traffic controllers. Initial Appeal File (IAF), Tab 7 at 5, Tab 9 at 5.

¶3 The pay of Air Traffic Control Specialists and Supervisory Air Traffic Control Specialists is determined by the classification level of the facility where they work, which in turn is determined, in part, by the volume and complexity of air traffic managed at the facility. IAF, Tab 7 at 5, 43. In 2006, the National Air Traffic Controllers Association (NATCA), which represents bargaining unit

[2] The appellant and the agency did not provide evidence to support many of their factual assertions below. *See* Initial Appeal File (IAF), Tab 7 at 2-6, Tab 9. In addition, in his pleadings below, the appellant refers to several exhibits that were not included in the record below. *See* IAF, Tab 7 at 5 (referencing "Exhibit 1" and "Exhibit 2," neither of which was included in the record below). Nevertheless, the parties do not dispute the material facts relevant to this appeal.

employees at the Albuquerque Center, filed a grievance challenging the agency's decision not to upgrade the facility's classification level in 2004. *Id.* at 5, 39, 74. In 2013, an arbitrator issued a partial award finding that the Albuquerque Center should have been upgraded. *Id.* at 31-35, 37. However, the arbitrator afforded the agency an opportunity to present evidence that the facility would have been downgraded again at a later date. *Id.* at 34-35, 37.

¶4 Subsequently, on January 27, 2014, NATCA and the agency entered into a settlement agreement resolving this grievance. IAF, Tab 7 at 39, Tab 9 at 5. Pursuant to the settlement, the agency agreed to make lump sum payments to current employees in the NATCA bargaining unit and former employees who separated from the agency in a NATCA bargaining unit position. IAF, Tab 7 at 39. The appellant did not receive a payment pursuant to the settlement because he was a supervisor and was not in the NATCA bargaining unit when he retired. IAF, Tab 1 at 5, Tab 7 at 39, Tab 9 at 5.

¶5 In July 2014, the agency voluntarily made similar payments to current Federal Aviation Administration (FAA) managers assigned to the Albuquerque Center during the time period covered by the settlement agreement. IAF, Tab 9 at 5. The appellant did not receive a payment because he had retired prior to July 2014, and thus, was not a current manager. IAF, Tab 1 at 5, Tab 9 at 5.

¶6 The appellant filed this Board appeal, alleging that the agency did not provide him with a payment because he was "forced to retire," having reached the mandatory separation age. IAF, Tab 1 at 5. In a subsequent pleading, the appellant alleged, among other things, that the agency's failure to upgrade the facility affected his retirement annuity, and that the agency discriminated against him on the basis of his age. IAF, Tab 7 at 4, 7-9. After issuing an order explaining that the Board appeared to lack jurisdiction over the appeal, and affording the appellant an opportunity to respond, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 10, Initial Decision (ID); *see* IAF, Tab 1 at 2, Tab 8. She

found that the appellant failed to raise a nonfrivolous allegation that his retirement was involuntary.  ID at 3-4.  She further found that the appellant failed to establish jurisdiction over his claim regarding his retirement annuity because the record did not indicate that the Office of Personnel Management (OPM) had issued a final decision on this matter.  ID at 4.  Finally, the administrative judge found that, absent an otherwise appealable action, the Board lacked jurisdiction to consider the appellant's claims of prohibited personnel practices and discrimination.  ID at 4-5.

¶7    The appellant has filed a petition for review of the initial decision, and the agency has responded.  Petition for Review (PFR) File, Tabs 1, 4.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant failed to raise a nonfrivolous allegation that he suffered an adverse action.

¶8    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Thus, it follows that the Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect.  *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).  With exceptions not applicable here, under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (the Ford Act), covered FAA employees have the right to appeal certain adverse actions to the Board.  49 U.S.C. § 40122(g)(2)(H), (g)(3); *Roche v. Merit Systems*

---

[3] On review, the agency moved to consolidate this appeal with the appeals of other individuals challenging the agency's failure to upgrade the Albuquerque Center, MSPB Docket Nos. DE-3443-14-0519-I-1, DE-3443-14-0561-I-1, DE-3443-14-0566-I-1, DE-3443-14-0587-I-1 and DE-3443-14-0589-I-1.  PFR File, Tab 2 at 4-5.  However, the appellant's claims below differed from the claims of the other individuals at issue in several regards.  *See* ID.  Therefore, we find that consolidation would not expedite processing of the appeals, and we DENY the agency's request to consolidate this appeal on review.  *See* 5 C.F.R. § 1201.36(b) (consolidation is appropriate if doing so would expedite processing and not adversely affect the interests of the parties).  The Board issued a separate decision addressing the above-referenced appeals.

*Protection Board*, 596 F.3d 1375, 1378, 1380-81 (Fed. Cir. 2010) (discussing which FAA employees may appeal adverse actions to the Board); *Goldberg v. Department of Transportation*, 97 M.S.P.R. 441, ¶ 6 (2004) (finding that the Ford Act permits covered employees to appeal involuntary reductions in pay and grade).  Adverse actions include a removal, a suspension for more than 14 days, a reduction in pay or grade, and certain furloughs.  5 U.S.C. § 7512; 49 U.S.C. § 40122(h), (j) (defining "major adverse personnel actions" that FAA employees can contest through either a contractual grievance procedure, an internal FAA process, or to the Board).

¶9        Below, the appellant alleged that he did not receive either a settlement payment or a voluntary payment because he was forced to retire due to his age.  IAF, Tab 1 at 5, Tab 7 at 7-9.  An involuntary retirement is tantamount to a removal and, accordingly, is appealable to the Board.  *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010).  The administrative judge found that because the mandatory separation age for air traffic controllers is established by Federal law and is permissible under the Age Discrimination in Employment Act (ADEA), the appellant failed to raise a nonfrivolous allegation that his retirement was appealable.  *See* ID at 3-4; *see also Johnson v. Mayor of Baltimore*, 472 U.S. 353, 357 (1985) (observing that amendments to the ADEA "left untouched" certain Federal mandatory retirement statutes, including for air traffic controllers); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11-12 (2013) (holding that the elements of a constructive adverse action claim include wrongful actions by an agency that deprive an appellant of a meaningful choice).  The appellant does not challenge this well-reasoned finding on review, and we see no reason to disturb it.

¶10    For the first time on review, the appellant argues that he was denied an increase in grade as a result of the agency's failure to upgrade the facility.[4]  PFR File, Tab 1 at 6-7.  He characterizes the agency's decision in this regard as a "major adverse action."  *Id.* at 8.  We interpret this claim as an allegation that he suffered a constructive demotion and modify the initial decision to address this new argument.

¶11    The Board has jurisdiction over the reduction in grade of a covered employee.  5 U.S.C. § 7512(3); *see Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 11 (2007) (finding that covered FAA employees may appeal reductions in grade to the Board).  Because the appellant's new argument potentially implicates the Board's jurisdiction and the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding, we will consider the appellant's argument that he was denied an increase in grade.  *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

¶12    Even without an actual reduction in grade, an employee may be deemed to have suffered an appealable constructive reduction in grade, or "constructive demotion."  *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001).  To receive a jurisdictional hearing on a constructive demotion claim, an appellant must nonfrivolously allege, in pertinent part, that he was reassigned and

---

[4] The appellant also alleges that he was denied an increase in pay.  PFR File, Tab 1 at 6-7.  However, a failure to increase an employee's basic pay generally does not constitute an appealable reduction in pay.  *Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶¶ 7-8 (2014) (holding that the Board lacked jurisdiction over an appellant's claim that an agency improperly failed to increase his basic pay rate to adjust for the reduction in the number of hours he worked due to a furlough); *see Caven v. Merit Systems Protection Board*, 392 F.3d 1378, 1381-82 (Fed. Cir. 2004) (finding that the denial of a promotion that would have resulted in a pay increase is not an appealable reduction in pay).  Therefore, the appellant's claim that the agency did not increase his pay does not raise a nonfrivolous allegation that he suffered an adverse action appealable to the Board.

that his former position was upgraded.[5] *Elmore v. Department of Transportation*, [421 F.3d 1339](), 1342-43 (Fed. Cir. 2005); *Beaudette v. Department of the Treasury*, [100 M.S.P.R. 353](), ¶ 13 (2005). In the present case, the appellant did not allege that he was reassigned, but instead alleged that he retired from a position that was later upgraded, or should have been upgraded, prior to his retirement. [6] *See* PFR File, Tab 1 at 6-7; IAF, Tab 1 at 5. In the absence of any allegation that the appellant was reassigned, we find that he failed to raise a nonfrivolous allegation of jurisdiction over a constructive demotion claim. *See Phillips v. Department of the Air Force*, [104 M.S.P.R. 229](), ¶ 5 (2006) (finding that the appellant failed to raise a nonfrivolous allegation that he was constructively demoted where he alleged that he performed higher-graded duties in his current position, but did not allege that he was reassigned); *Beaudette*, [100 M.S.P.R. 353](), ¶ 13 (finding that the Board lacked jurisdiction over the appellant's constructive demotion claim where he was not reassigned when his former position was upgraded).

The administrative judge correctly found that the Board lacks jurisdiction over the appellant's retirement annuity claim, and the appellant has not demonstrated that the evidence that he submits in the first instance on review is material.

¶13     On review, the appellant reiterates his argument, raised below, that the agency's failure to upgrade the facility affected the calculation of his retirement

---

[5] Although the appellant did not raise a constructive demotion claim below, the administrative judge nevertheless notified the appellant of the burdens and elements of proof for establishing jurisdiction over such a claim in the order explaining that the Board appeared to lack jurisdiction over the appeal. *See* IAF, Tab 8 at 4; *see also Burgess v. Merit Systems Protection Board*, [758 F.2d 641](), 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

[6] Because the appellant has not alleged that he was reassigned, we need not decide whether the payments made by the agency to NATCA bargaining unit employees and current managers in 2014 constituted an "upgrade" of the appellant's former position. *See Marcheggiani*, [90 M.S.P.R. 212](), ¶ 8 (finding that a constructive demotion cannot be established based on a claim that a position could have been or should have been reclassified upwards).

annuity.  PFR File, Tab 1 at 2, 6, 8; IAF, Tab 7 at 4, 9.  We agree with the administrative judge that the Board lacks jurisdiction over this claim.

¶14    If OPM has not issued a reconsideration decision on an appellant's entitlement to a retirement benefit, the Board generally lacks jurisdiction over an appeal of that matter.  *Fagone v. Office of Personnel Management*, 85 M.S.P.R. 49, ¶ 9 (2000).  The Board has recognized an exception to that general rule, and may take jurisdiction over a retirement appeal absent an OPM reconsideration decision if the appellant has made "repeated requests" for such a decision and the evidence indicates that OPM does not intend to issue a final decision.  *Id.*

¶15    Below, the appellant did not allege that he received a final or reconsideration decision from OPM, or that he made repeated requests for such a decision.  *See* IAF, Tabs 1, 7.  On review, however, he alleges that he received a final decision from OPM after the initial decision in his appeal was issued.  PFR File, Tab 1 at 2.  In support of this allegation, the appellant submits a November 24, 2014 letter from OPM.  *Id.* at 9.

¶16    The Board generally will not consider evidence submitted for the first time on review absent a showing that:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); *see* 5 C.F.R. § 1201.115(d).  The agency argues that the letter from OPM would have been available had the appellant exercised due diligence, and, in any event, it is not material to the issue of Board jurisdiction.  PFR File, Tab 4 at 8-10.  We agree with the agency that the appellant has failed to demonstrate that the letter would establish Board jurisdiction over his retirement claims, and, accordingly, the evidence is not material to the outcome of his appeal.

¶17    The November 24, 2014 letter from OPM that the appellant submits in the first instance on review states that OPM is responding to the appellant's request

to file a classification appeal, not to his request for a final or reconsideration decision on a retirement matter. PFR File, Tab 1 at 9. The Board lacks jurisdiction to review OPM decisions in classification appeals. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985). Therefore, we find that the letter from OPM does not establish jurisdiction over the appellant's claim relating to his retirement annuity.[7]

<u>The Board lacks jurisdiction over the appellant's remaining claims.</u>

¶18    On review, the appellant argues that the agency's failure to upgrade the facility and increase his pay violated a memorandum of understanding between the agency and NATCA, position classification standards, and other agency laws, rules, or regulations. PFR File, Tab 1 at 3-6. He further alleges that that the facility was not upgraded because of misrepresentations and misconduct by agency employees, and that the agency's actions were criminal. *Id.* at 4-5, 7-8. However, in the absence of an otherwise appealable action, the Board lacks jurisdiction to review these claims. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (stating that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

---

[7] On review, the appellant alleges that OPM "completely missed the point" of his request. PFR File, Tab 1 at 2. However, he did not submit a copy of his request to OPM or otherwise establish that the letter from OPM was tantamount to a final decision on a retirement matter.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.