# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

|  |  |
|---|---|
| DOT FAA ALBUQUERQUE, NM,<br>DOT FAA2 ALBUQUERQUE, NM,<br>DOT FAA4 ALBUQUERQUE, NM,<br>STEPHEN VAN SICKLE,<br>KAY F. WILEY,<br><span style="text-align:center">Appellants,[1]</span><br><br><span style="text-align:center">v.</span><br><br>DEPARTMENT OF<br>   TRANSPORTATION,<br><span style="text-align:center">Agency.</span> | DOCKET NUMBERS<br>DE-3443-14-0519-I-1 (GROUP 1)<br>DE-3443-14-0561-I-1 (GROUP 2)<br>DE-3443-14-0589-I-1 (GROUP 4)<br>DE-3443-14-0514-I-1<br>DE-3443-14-0587-I-1<br><br><br>DATE: August 25, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Robert J. Mattmann, Eugene W. Victor, William H. Klein,
Kent T. MacKenzie, Jon L. Semanek, Michael J. Murtagh,
Jeffrey A. Ross, Roger A. Mandeville, Stephen Van Sickle, and
Kay F. Wiley, pro se.

Sarah L. McKinin, Esquire, Washington, D.C., for the Group 2 appellants.

Theresa Dunn, Esquire, Fort Worth, Texas, for the agency.

---

[1] Our findings in this Final Order apply only to Appellants Wiley and Van Sickle and the appellants set forth in Appendices A-C to this Final Order, not to the appellants who were previously part of the consolidated groups 1-4 but did not file petitions for review. *See Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 1 n.2 (2014).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellants have filed petitions for review of the initial decisions, which dismissed their appeals for lack of jurisdiction.  Generally, we grant petitions such as these one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review.  Except as expressly MODIFIED by this Final Order to address the appellants' claim that they suffered a reduction in pay, we AFFIRM the initial decisions.

**BACKGROUND**

¶2      The appellants are former Air Traffic Control Specialists and Supervisory Air Traffic Control Specialists at the agency's Air Route Traffic Control Center in Albuquerque, New Mexico (the Albuquerque Center or facility), who retired from service with the agency in or prior to January 2014.  *See, e.g.*, *Victor v. Department of Transportation*, MSPB Docket No. DE-3443-14-0491-I-1, Initial Appeal File (Victor IAF), Tab 5 at 4; *Cockrell v. Department of Transportation*,

MSPB Docket No. DE-3443-14-0507-I-1, Initial Appeal File (Cockrell IAF), Tab 7 at 4.

¶3      The pay of Air Traffic Control Specialists and Supervisory Air Traffic Control Specialists is determined by the classification level of the facility where they work, which in turn is determined, in part, by the volume and complexity of air traffic managed at the facility. *See DOT FAA Albuquerque, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0519-I-1, Group 1 Consolidated Appeal File (G1CAF), Tab 2 at 47-48; *Murtagh v. Department of Transportation*, MSPB Docket No. DE-3443-14-0485-I-1, Initial Appeal File (Murtagh IAF), Tab 11 at 7. The appellants' claims in these appeals arise out of the agency's failure to upgrade the Albuquerque Center's classification level in 2004. *See, e.g.*, *Semanek v. Department of Transportation*, MSPB Docket No. DE-3443-14-0483-I-1, Initial Appeal File (Semanek IAF), Tab 1 at 4; Cockrell IAF, Tab 1 at 5.

¶4      The Albuquerque Center is classified as a Level 10 facility. G1CAF, Tab 2 at 48. In 2006, the National Air Traffic Controllers Association (NATCA), which represents bargaining unit employees at the Albuquerque Center, filed a grievance, challenging the agency's decision not to upgrade the facility's classification level in 2004. *Id.* at 18, 43, 48; Murtagh IAF, Tab 11 at 38. In October 2013, an arbitrator issued a partial award finding that the Albuquerque Center should have been upgraded in 2004. G1CAF, Tab 2 at 15, 35-39, 41. However, the arbitrator afforded the agency an opportunity to present evidence that the facility would have been downgraded again at a later date. *Id.* at 39, 41.

¶5      Approximately 3 months later, on January 27, 2014, NATCA and the agency entered into a settlement agreement resolving this grievance. G1CAF, Tab 2 at 43-45. Pursuant to the settlement, the agency agreed to make lump sum payments to current employees in the NATCA bargaining unit and former employees who separated from the agency in a NATCA bargaining unit position. *Id.* at 43.

¶6 One of the appellants, Appellant Victor, was a bargaining unit employee when he retired, and he received payments pursuant to the settlement for time that he was employed as a bargaining unit employee but not for time that he was employed as a manager.[3] Victor IAF, Tab 1 at 5, Tab 5 at 4-6; G1CAF, Tab 2 at 6, 7 n.4, 12-13. The remaining appellants did not receive any payments because they were not in a NATCA bargaining unit when they retired. *See, e.g.*, Semanek IAF, Tab 6 at 4; Cockrell IAF, Tab 7 at 4; Murtagh IAF, Tab 8 at 4; *see also* G1CAF, Tab 2 at 46 (explaining that ineligibility for bargaining unit status is indicated on the Standard Form 50s by the code 8888 in block 37).

¶7 Subsequently, in July 2014, the agency voluntarily made similar payments to current Federal Aviation Administration (FAA) managers assigned to the Albuquerque Center during the time period covered by the settlement agreement. G1CAF, Tab 2 at 48-49. The appellants did not receive payments because they had retired prior to July 2014, and thus were not current managers. *E.g.*, Semanek IAF, Tab 6 at 4; *see* G1CAF, Tab 2 at 49.

¶8 Between July and September 2014, the appellants filed Board appeals, challenging the agency's failure to upgrade the Albuquerque Center and increase their pay. *See, e.g.*, *Mandeville v. Department of Transportation*, MSPB Docket No. DE-3443-14-0539-I-1, Initial Appeal File (Mandeville IAF), Tab 1 at 3, 5; *Wiley v. Department of Transportation*, MSPB Docket No. DE-3443-14-0587-I-1, Initial Appeal File (Wiley IAF), Tab 1 at 3, 5; Murtagh IAF, Tab 1 at 3, 5.

¶9 Appellant Wiley's appeal was adjudicated individually, and the remaining individual appeals were consolidated into four groups presided over by three different administrative judges. *See* G1CAF, Tab 1; *DOT FAA2 Albuquerue, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0561-I-1, Group 2 Consolidated Appeal File (G2CAF), Tab 1 at 1; *DOT FAA3 Albuquerue,*

---

[3] The Standard Form 50s documenting the payments to Appellant Victor pursuant to the settlement identified the nature of the action as an "individual cash award." Victor IAF, Tab 5 at 5-6.

*NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0566-I-1, Group 3 Consolidated Appeal File (G3CAF), Tab 1; *DOT FAA4 Albuquerue, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0589-I-1, Group 4 Consolidated Appeal File (G4CAF), Tab 1; Wiley IAF, Tab 10, Initial Decision (Wiley ID).

¶10    After issuing orders to the appellants to establish Board jurisdiction over their appeals and considering any responses, the administrative judges dismissed the appeals for lack of jurisdiction without holding the requested hearings.[4] *See, e.g.*, Wiley IAF, Tab 1 at 2, Tab 5 (the orders requiring the appellants to establish jurisdiction over their appeals); Victor IAF, Tab 1 at 2 (examples of the appellants' requests for hearings); G1CAF, Tab 4; G2CAF, Tab 1; G3CAF, Tab 3; G4CAF, Tab 1; G1CAF, Tab 5, Initial Decision (G1-ID); G2CAF, Tab 3, Initial Decision (G2-ID); G3CAF, Tab 4, Initial Decision (G3-ID); G4CAF, Tab 4, Initial Decision (G4-ID); Wiley ID. The administrative judges found that the Board lacks jurisdiction to enforce the arbitration decision or the settlement agreement resolving the grievance. Wiley ID at 5; G1-ID at 5-6; G2-ID at 5-6; G3-ID at 5-6; G4-ID at 5. They further found that the Board lacks jurisdiction to review classification actions and that the appellants failed to raise a nonfrivolous allegation that they suffered constructive demotions.[5] Wiley ID at 6-8; G1-ID

---

[4] On review, several appellants argue that the administrative judges erred by failing to grant their hearing requests. *See, e.g.*, *Victor v. Department of Transportation*, MSPB Docket No. DE-3443-14-0491-I-1, Petition for Review (Victor PFR) File, Tab 3 at 2-3. However, the administrative judges properly found that they failed to raise a nonfrivolous allegation that the alleged wrongdoing by the agency constituted any matter appealable to the Board. *See* Wiley ID at 1-2, 4-9; G1CAF, Tab 5, Initial Decision (G1-ID) at 1-2, 5-9; G2CAF, Tab 3, Initial Decision (G2-ID) at 2, 4-9; G3CAF, Tab 4, Initial Decision (G3-ID) at 1-2, 5-9; G4CAF, Tab 4, Initial Decision (G4-ID) at 2, 5-8. Accordingly, the appellants were not entitled to a jurisdictional hearing. *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013).

[5] The administrative judge presiding over the Group 2 cases also considered allegations raised by three appellants that they retired because they reached mandatory retirement age, or received a disability-based retirement, as potential claims that their retirements were involuntary. *See* G2-ID at 8-9. On review, the appellants have not challenged the

at 6-8; G2-ID at 6-9; G3-ID at 6-8; G4-ID at 6-8. Finally, they found that the appellants failed to establish jurisdiction over their claims that the agency's actions affected their retirement annuities because they did not allege that the Office of Personnel Management (OPM) had issued a final decision.[6] Wiley ID at 8; G1-ID at 8-9; G2-ID at 9; G3-ID at 8-9; G4-ID at 9.

¶11    Appellants Wiley and Van Sickle and the appellants from Groups 1 and 4 filed individual petitions for review. *See, e.g.*, *Wiley v. Department of Transportation*, MSPB Docket No. DE-3443-14-0587-I-1, Petition for Review (Wiley PFR) File, Tab 4; *Victor v. Department of Transportation*, MSPB Docket No. DE-3443-14-0491-I-1, Petition for Review (Victor PFR) File, Tab 3. The Group 2 appellants, through their designated representative, filed a joint petition for review. *DOT FAA2 Albuquerque, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0561-I-1, Group 2 Petition for Review (G2PFR) File, Tab 3. The agency has filed separate consolidated responses to the petitions for review filed by the appellants in Groups 1, 2, and 4, and to the petitions for review filed by Appellant Wiley and Appellant Van Sickle, who was the sole appellant in Group 3 that filed a petition for review. *See DOT FAA Albuquerque, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0519-I-1,

---

administrative judge's finding that they failed to raise a nonfrivolous allegation that their retirements were involuntary, and we discern no basis to disturb this well-reasoned finding. *See* G2-ID at 8-9; *DOT FAA2 Albuquerque, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0561-I-1, Group 2 Petition for Review (G2PFR) File, Tab 3.

[6] Prior to issuing the initial decision, the administrative judge did not inform the Group 4 appellants of the burdens and elements of proof for establishing jurisdiction over a constructive demotion or retirement claim. *See* G4CAF, Tab 1; *see also Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). However, this oversight was cured by the initial decision, which provided this information. G4-ID at 6-8; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (the administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision contains the notice that was lacking, thus affording the appellant an opportunity to meet his burden on petition for review).

Group 1 Petition for Review (G1PFR) File, Tab 3; G2PFR File, Tab 7; *Van Sickle v. Department of Transportation*, MSPB Docket No. DE-3443-14-0514-I-1, Petition for Review (Van Sickle PFR) File, Tab 7; *DOT FAA4 Albuquerque, NM v. Department of Transportation*, MSPB Docket No. DE-3443-14-0589-I-1, Group 4 Petition for Review (G4PFR) File, Tab 3; Wiley PFR File, Tab 6. The agency has further requested that all of the appeals be consolidated on review. *See* G1PFR File, Tab 1 at 4-6; G2PFR File, Tab 5 at 6-7; Van Sickle PFR File, Tab 5 at 6-7; G4PFR File, Tab 1 at 4-5; Wiley PFR File, Tab 3 at 4-5.

¶12    As a preliminary matter, because the petitions for review raise similar issues, we GRANT the agency's motion to further consolidate the appeals to address the petitions for review. *See* 5 C.F.R. § 1201.36(b) (consolidation is appropriate if doing so would expedite processing and not adversely affect the interests of the parties); *see also Prouty v. General Services Administration*, 122 M.S.P.R. 117, ¶ 1 (2014) (consolidating cases on review that were adjudicated separately below).[7]

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellants failed to raise a nonfrivolous allegation that they suffered an adverse action.

¶13    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). With exceptions not applicable here, under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century

---

[7] In addition, we DENY the agency's request to include the individual appeal filed by Appellant Ronald Perino, MSPB Docket No. DE-3443-14-0447-I-1, in this consolidation. *See* G1PFR File, Tab 1 at 4-6, 8. We will issue a separate decision with regard to Appellant Perino.

(the Ford Act), covered FAA employees have the right to appeal certain adverse actions to the Board. 49 U.S.C. § 40122(g)(2)(H), (g)(3); *Roche v. Merit Systems Protection Board*, 596 F.3d 1375, 1378, 1380-81 (Fed. Cir. 2010) (discussing which FAA employees may appeal adverse actions to the Board); *Goldberg v. Department of Transportation*, 97 M.S.P.R. 441, ¶ 6 (2004) (finding that the Ford Act permits covered employees to appeal involuntary reductions in pay and grade).  Adverse actions include a removal, a suspension for more than 14 days, a reduction in pay or grade, and certain furloughs.  5 U.S.C. § 7512; 49 U.S.C. § 40122(h), (j) (defining "major adverse personnel actions" that FAA employees can contest through either a contractual grievance procedure, an internal FAA process, or to the Board).

¶14       On review, some appellants argue that the Board has jurisdiction over their appeals because the agency's failure to upgrade the facility constituted a "major adverse action."  *E.g.*, Victor PFR File, Tab 3 at 1, 4, 15, 18; *Murtagh v. Department of Transportation*, MSPB Docket No. DE-3443-14-0485-I-1, Petition for Review (Murtagh PFR) File, Tab 3 at 5, 8, 13, 15, 19-20, 22; Van Sickle PFR File, Tab 3 at 8.  The failure to upgrade a facility classification level, however, is not an adverse action appealable to the Board.  *See* 5 U.S.C. § 7512; 49 U.S.C. § 40122(j).

¶15       As they did below, several appellants also argue that they suffered a loss of "grade and pay" due to the agency's failure to upgrade the facility.  *See, e.g.*, Murtagh IAF, Tab 10 at 4-5; Murtaugh PFR File, Tab 3 at 8, 12; *Mallen v. Department of Transportation*, MSPB Docket No. DE-3443-14-0496-I-1, Initial Appeal File (Mallen IAF), Tab 5 at 5; Wiley IAF, Tab 8 at 4.  The Board has jurisdiction over appeals of reductions in grade and pay.  5 U.S.C. § 7512(3)-(4); *see Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 11 (2007) (covered FAA employees may appeal reductions in grade and pay to the Board).  Here, however, the appellants have not alleged that the agency actually reduced their grade and pay, but instead allege that the agency was obligated to increase

their grade and pay by upgrading the facility and failed to do so. *See, e.g.*, Victor PFR File, Tab 3 at 4, 15; Murtagh PFR File, Tab 3 at 8, 19; Wiley IAF, Tab 8 at 4 (alleging that appellant Wiley suffered a "de facto" reduction in pay and grade); Mallen IAF, Tab 5 at 5.

¶16    A failure to increase an employee's basic pay generally does not constitute an appealable reduction in pay.[8]    *Gaydar v. Department of the Navy*, [121 M.S.P.R. 357](#), ¶ 7 (2014) (the Board lacked jurisdiction over an appellant's claim that an agency improperly failed to increase his basic pay rate as an adjustment in connection with the reduction in the number of hours he worked due to a furlough); *see Caven v. Merit Systems Protection Board*, [392 F.3d 1378](#), 1381-82 (Fed. Cir. 2004) (the denial of a promotion that would have resulted in a pay increase is not an appealable reduction in pay).  Accordingly, we find that the appellants failed to raise a nonfrivolous allegation that they suffered a reduction in pay.

¶17    Even without an actual reduction in grade, however, an employee may be deemed to have suffered an appealable constructive reduction in grade, or "constructive demotion." *Marcheggiani v. Department of Defense*, [90 M.S.P.R. 212](#), ¶ 7 (2001).  To receive a jurisdictional hearing on a constructive demotion claim, an appellant must nonfrivolously allege, in pertinent part, that he was

---

[8] The administrative judges did not address the appellants' claims that they suffered a reduction in pay.  *See* Wiley ID at 4 n.2; G1-ID at 5 n.4; G2-ID at 5 n.4; G3-ID at 5 n.4; G4-ID at 6-9.  However, the failure to address this argument was not reversible error.  *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  Furthermore, although the administrative judges did not inform the appellants of the burdens and elements of proof for establishing jurisdiction over a reduction in pay claim, this oversight was cured by the agency's pleadings below, which provided this information.  *See* Wiley IAF, Tab 9 at 7-8; G1CAF, Tab 2 at 10; G2CAF, Tab 2 at 8-9; G3CAF, Tab 2 at 7-9; G4CAF, Tab 2 at 7-8 (the agency's pleadings discussing reduction in pay claims); *see also Mapstone*, 106 M.S.P.R 691, ¶ 9 (an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was otherwise lacking).  We modify the initial decisions to address the appellants' reduction in pay claims.

reassigned and that his former position was upgraded. *Elmore v. Department of Transportation*, 421 F.3d 1339, 1342-43 (Fed. Cir. 2005); *Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 13 (2005).

¶18        In the present case, the appellants did not allege that they were reassigned, but instead alleged that they retired from positions that were later upgraded, or should have been upgraded prior to their retirement. [9]  *See, e.g.*, Wiley PFR File, Tab 4 at 7; Van Sickle PFR File, Tab 3 at 2, 7-8; Victor PFR File, Tab 3 at 9.  In the absence of any allegation that the appellants were reassigned, we agree with the administrative judges that they failed to raise a nonfrivolous allegation of jurisdiction over their constructive demotion claims.  *See Phillips v. Department of the Air Force*, 104 M.S.P.R. 229, ¶ 5 (2006) (an appellant failed to raise a nonfrivolous allegation that he was constructively demoted where he alleged that he performed higher-graded duties in his current position, but did not allege that he was reassigned); *Beaudette*, 100 M.S.P.R. 353, ¶ 13 (the Board lacked jurisdiction over an appellant's constructive demotion claim where he was not reassigned when his former position was upgraded); *see also* Wiley ID at 7-8; G1-ID at 7-8; G2-ID at 7-8; G3-ID at 7-8; G4-ID at 7-8.

The administrative judges correctly found that the Board lacks jurisdiction over the appellants' retirement annuity claims, and the appellants have not demonstrated that the evidence that they submit in the first instance on review is material.

¶19        On review, the appellants challenge the administrative judges' findings that the Board lacks jurisdiction to review their claims that the agency's actions reduced their retirement annuities.  *See, e.g.*, G2PFR File, Tab 3 at 11-14; Victor PFR File, Tab 3 at 9-10; Murtagh PFR File, Tab 3 at 13-14; *see also* G1-ID

---

[9] Because the appellants have not alleged that they were reassigned, we need not decide whether the payments made by the agency to NATCA bargaining unit employees and current managers in 2014 constituted an "upgrade" of the appellant's former positions. *See Marcheggiani*, 90 M.S.P.R. 212, ¶ 8 (a constructive demotion cannot be established based on a claim that a position could have been or should have been reclassified upwards).

at 8-9; G2-ID at 9; G3-ID at 8-9; G-4 ID at 8; Wiley ID at 8 (the administrative judges' findings). If OPM has not issued a reconsideration decision on an appellant's entitlement to a retirement benefit, the Board generally lacks jurisdiction over an appeal of that matter. *Fagone v. Office of Personnel Management*, [85 M.S.P.R. 49](), ¶ 9 (2000). The Board has recognized an exception to that general rule, and may take jurisdiction over a retirement appeal absent an OPM reconsideration decision if the appellant has made "repeated requests" for such a decision and the evidence indicates that OPM does not intend to issue a final decision. *Id.*

¶20    Below, none of the appellants alleged that they received a final or reconsideration decision from OPM. *See, e.g.*, Semanek IAF, Tab 1 at 3 (indicating that whether the appellant received an OPM final decision was "not applicable"). However, on review, Appellant Todd argues that he alleged below that he made repeated requests to OPM for a final decision. G2PFR File, Tab 3 at 13. A review of Appellant Todd's submissions below demonstrates that, although he alleged that he called OPM numerous times to determine the correct person to assist him, he alleged that he made, at most, one request for a decision regarding his retirement annuity, which is insufficient to establish Board jurisdiction over his appeal. *See Todd v. Department of Transportation*, MSPB Docket No. DE-3443-14-0494-I-1, Initial Appeal File, Tab 8 at 6-7; *see also Fagone*, [85 M.S.P.R. 49](), ¶ 11 (finding a single request for a final decision from OPM was insufficient to establish jurisdiction over an appellant's retirement appeal).

¶21    For the first time on review, multiple appellants allege that they received final decisions from OPM after the initial decisions in these appeals were issued, which they contend constitute new and material evidence. *See, e.g.*, Wiley PFR File, Tab 4 at 2, 12; *MacKenzie v. Department of Transportation*, MSPB Docket No. DE-3443-14-0473-I-1, Petition for Review (MacKenzie PFR) File, Tab 3 at 5, 12; *Ross v. Department of Transportation*, MSPB Docket No. DE-3443-14-0540-

I-1, Petition for Review (Ross PFR) File, Tab 3 at 2-3, 12.  The Board generally will not consider evidence submitted for the first time on review absent a showing that:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); *see* 5 C.F.R. § 1201.115(d).  The agency argues that the OPM letters would have been available had the appellants exercised due diligence, and, in any event, are not material to the issue of Board jurisdiction.  *See, e.g.*, G1PFR File, Tab 3 at 8-11; G4PFR File, Tab 3 at 8-11.  We agree with the agency that the appellants have failed to demonstrate that the letters would establish Board jurisdiction over their retirement claims, and, accordingly, the evidence is not material to the outcome of their appeals.

¶22　　The letters from OPM that the appellants submit in the first instance on review state that OPM is responding to the appellants' requests to file classification appeals, not to their requests for a final or reconsideration decision on retirement matters.  *See, e.g.*, Wiley PFR File, Tab 4 at 12; MacKenzie PFR File, Tab 3 at 12; Ross PFR File, Tab 3 at 12.  The Board lacks jurisdiction to review OPM decisions in classification appeals.[10]  *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985).  Therefore, we find that the OPM letters do not establish jurisdiction over the appellants' retirement claims.[11]

---

[10] On review, the Group 1 appellants contend that the administrative judge erred in construing their claims as classification appeals.  *See, e.g.*, Victor PFR File, Tab 3 at 10-14; Murtagh PFR File, Tab 3 at 14-18.  However, we find any such error harmless here because they have failed to raise a nonfrivolous allegation that their claims were otherwise appealable to the Board.  *See Panter*, 22 M.S.P.R. at 282 (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[11] On review, some appellants allege that OPM misunderstood their requests.  *See, e.g.*, Ross PFR File, Tab 3 at 3.  However, they did not submit copies of their requests or

The Board lacks jurisdiction over the appellant's remaining claims.

¶23    On review, the Group 2 appellants argue that the Board has jurisdiction to enforce the October 2013 arbitration decision.  G2PFR File, Tab 3 at 15.  The Board lacks jurisdiction to either review or enforce an arbitration award that does not address any matter appealable to the Board.  *Cloutterbuck v. Department of Labor*, 88 M.S.P.R. 1, ¶ 5 (2001); *Hunter v. Department of the Air Force*, 83 M.S.P.R. 7, ¶¶ 10-11 (1999).  Therefore, we agree with the administrative judges that the Board lacks jurisdiction to enforce the arbitration award.[12]  *See, e.g.*, G1-ID at 5; G2-ID at 5.

¶24    On review, the appellants argue that the agency's failure to upgrade the facility and increase their pay violated a memorandum of understanding (MOU) between the agency and NATCA,[13] position classification standards, and other agency laws, rules, or regulations.  *See, e.g.*, G2PFR File, Tab 3 at 7-8, 14-15; Victor PFR File, Tab 3 at 2; Wiley PFR File, Tab 4 at 2.  They further allege that

otherwise establish that the OPM letters were tantamount to a final decision on a retirement matter.

[12] The Group 1 appellants also argue that, because the arbitrator determined that the Albuquerque Center should have been upgraded, the Board has jurisdiction to award them back pay under the Back Pay Act.  *See, e.g.*, Victor PFR File, Tab 3 at 19.  However, the Board is only authorized to award back pay under the Back Pay Act when adjudicating appeals within its jurisdiction.  *Mattern v. Department of the Treasury*, 88 M.S.P.R. 65, ¶ 10 (2001), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2002).  Here, because the Board lacks jurisdiction over the appeals, it has no authority to award the appellants back pay.  *See Bell v. Department of Transportation*, 39 M.S.P.R. 210, 213 (1988) (the Board lacked jurisdiction to resolve back pay issues resulting from an arbitration award).

[13] In support of this argument, for the first time on review, the Group 2 appellants submit a July 3, 2013 arbitration decision discussing the MOU, which was not part of the record below in the Group 2 appeals.  G2PFR File, Tab 3 at 19, 28-33.  However, the evidence was previously submitted in the Group 1 appeals, and was available before the record closed on review in the Group 2 appeals.  *See* Murtagh IAF, Tab 11.  Regardless, the Group 2 appellants have failed to demonstrate that the decision would establish Board jurisdiction over their appeals, and, accordingly, it is not material to the outcome.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115(d).

the agency's actions were criminal and that the agency acted in bad faith. *See, e.g.*, Wiley PFR File, Tab 4 at 9; Victor PFR File, Tab 3 at 2; Van Sickle PFR File, Tab 3 at 7. However, in the absence of an otherwise appealable action, the Board lacks jurisdiction to review these claims. *See Penna v. U.S. Postal Service,* 118 M.S.P.R. 355, ¶ 13 (2012) (in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decisions, as supplemented by this Final Order, constitute the Board's final decisions in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The
Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.

APPENDIX A

DOT FAA Albuquerque, NM
DE-3443-14-0519-I-1


Eugene W. Victor                    DE-3443-14-0491-I-1

Jon Semanek                         DE-3443-14-0483-I-1

Kent T. MacKenzie                   DE-3443-14-0473-I-1

Michael J. Murtagh                  DE-3443-14-0485-I-1

Robert J. Mattmann                  DE-3443-14-0472-I-1

William H. Klein                    DE-3443-14-0484-I-1

APPENDIX B

DOT FAA2 Albuquerque, NM
DE-3443-14-0561-I-1

| | |
|---|---|
| Angela J. Stalans | DE-3443-14-0506-I-1 |
| Anthony R. Bass | DE-3443-14-0522-I-1 |
| Bruce B. Connolly | DE-3443-14-0511-I-1 |
| Catherine Bass | DE-3443-14-0523-I-1 |
| Christopher A. Prince | DE-3443-14-0508-I-1 |
| David Cockrell | DE-3443-14-0507-I-1 |
| Holly L. Mings | DE-3443-14-0517-I-1 |
| Janet L. Mould | DE-3443-14-0497-I-1 |
| Jerry E. Todd | DE-3443-14-0494-I-1 |
| Joan Mallen | DE-3443-14-0496-I-1 |
| Larry D. Duke | DE-3443-14-0505-I-1 |
| Lois J. Warwick | DE-3443-14-0495-I-1 |
| Michael S. Szucs | DE-3443-14-0518-I-1 |
| Richard A. Underwood | DE-3443-14-0498-I-1 |
| Shannon L. Johnson | DE-531D-14-0516-I-1 |

APPENDIX C

DOT FAA4 Albuquerque, NM
DE-3443-14-0589-I-1


Jeffrey A. Ross                          DE-3443-14-0540-I-1
Roger A. Mandeville                      DE-3443-14-0539-I-1