# United States Court of Appeals for the Federal Circuit

04-3105

THOMAS L. CAVEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Lawrence A. Berger, Mahon & Berger, of Garden City, New York, for petitioner.

Calvin M. Morrow, Attorney, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were Martha B. Schneider, General Counsel, and Stephanie M. Conley, Reviewing Attorney.

Appealed from:   United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3105

THOMAS L. CAVEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 16, 2004

_____


Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This appeal challenges the decision of the Merit Systems Protection Board ("Board") dismissing, for lack of jurisdiction, an appeal from an agency's denial of "availability pay."  Caven v. Dep't of Transp., No. SE-0752-02-0194-I-1 (M.S.P.B. Oct. 31, 2003) ("Final Order").  This is a form of premium pay for law enforcement officers designed to provide compensation for unscheduled overtime work that the employee performs or is available to perform.  We agree with the Board that in the circumstances of this case it lacked jurisdiction, and therefore affirm.

I

The petitioner Thomas L. Caven began to work for the Department of Transportation ("Department") in 1991 as a criminal investigator of aviation offenses.

He continued in that capacity until 2002, when the Department converted his position from criminal investigator to security specialist.

Law enforcement officers receive additional pay and may retire earlier than other government employees. See Bingaman v. Dep't of the Treasury, 127 F.3d 1431, 1433-34 (Fed. Cir. 1997). Both the governing statute and the applicable regulations provide explicit standards for determining law enforcement officer (LEO) status. Id. at 1434.

In 1994 Congress enacted the Law Enforcement Availability Pay Act of 1994 ("1994 Act"), Pub. L. No. 103-329, § 633, 108 Stat. 2425 (1994) (codified as amended at 5 U.S.C. § 5545a (1998)), "to provide premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40 hour week based on the needs of the employing agency." 5 U.S.C. § 5545a(b). Shortly thereafter, the Department informed its employees that criminal investigators in Caven's classification were not entitled to "availability pay" because they did not meet the eligibility criteria for law enforcement officer status.

Caven nevertheless applied to the Department for law enforcement officer status. The Department denied his request, but on appeal the Board held that he was entitled to such status and ordered the Department to grant him "law enforcement officer retirement coverage." On the basis of that decision, Caven then requested the Department to reconsider the question of availability pay and grant it to him.

After some delay in replying, the Department in June 2002 denied Caven availability pay because he did not meet two of the statutory requirements for such pay: (1) working a minimum number of hours of unscheduled overtime and (2) certification by a superior that he had met the requirements for such pay.

Caven appealed to the Board the Department's failure to give him retroactive availability pay, which he sought for the period between the effective date of the 1994 Act in that year and 2002, when he ceased to serve as a criminal investigator. The Board dismissed the appeal for lack of jurisdiction. Caven v. Dep't of Transp., No. SE-0752-02-0194-I-1 (M.S.P.B. June 10, 2003) ("Initial Decision").

In the initial decision, which became final when the Board denied review, the Board's administrative judge stated that there was "nothing in the [1994 Act] or in the Board's regulations that would give [Caven] the right to appeal the denial of [availability] pay to the Board." Id. at 5; see Final Order at 2. The Board held that although the governing statute "states that an '[i]nvoluntary reduction in pay resulting from a denial of certification . . . shall be a reduction in pay for purposes of section 7512(4) of this title[,]'" the Board's refusal to certify Caven for availability pay "did not lead to either a reduction in the appellant's pay or a suspension of his availability pay." Initial Decision at 6.

II

As the Board stated in this case, "Congress has clearly granted to the Board jurisdiction to review agency denials of requests for LEO retirement credit. See 5 U.S.C. §§ 8347(d)(1), and 8461(e)(1) (West 1996)." Initial Decision at 5; see Elias v. Dep't of Def., 114 F.3d 1164, 1166-67 (Fed. Cir. 1997) (agency decision concerning law enforcement officer service credit is appealable and is within the Board's jurisdiction). In reviewing denials of certification for availability pay, however, the Board's jurisdiction is far more limited. As the Board correctly indicated, it has such jurisdiction only if the denial of certification results in a "reduction in the [employee's] pay, or the suspension of his availability pay." Initial Decision at 6.

Under the 1994 Act, a "criminal investigator" defined as a "law enforcement officer" under 5 U.S.C. § 5545a(a)(2) is entitled to availability pay if the unscheduled overtime he works or is available to work equals or exceeds specified amounts. 5 U.S.C. § 5545a(d). Subsection (e)(1) states:

> Each criminal investigator receiving availability pay under this section and the appropriate supervisory officer, to be designated by the head of the agency, shall make an annual certification to the head of the agency that the investigator has met, and is expected to meet, the requirements of subsection (d).

Id. § 5545a(e)(1). Subsection (e)(2) then provides:

> Involuntary reduction in pay resulting from a denial of certification under paragraph (1) shall be a reduction in pay for purposes of section 7512(4) of this title.

Id. § 5545a(e)(2). Section 7512(4), read in conjunction with section 7513(d), gives the Board jurisdiction over appeals by any employee who has been subjected to "a reduction in pay."

The criminal investigator's certification to which section 5545a(e)(1) refers is that of an investigator "receiving availability pay." An "[i]nvoluntary reduction in pay" that triggers Board jurisdiction is one "resulting from a denial of [such] certification." § 5545a(e)(2). In other words, the Board's jurisdiction over denial of availability pay is limited to cases in which the certification terminates such pay that a criminal investigator was receiving. It does not extend to denials of certification that prospectively deny employees availability pay that they have not been receiving, but to which they claim entitlement.

Applying these provisions, the Board correctly held that it had no jurisdiction in Caven's case. Since Caven never had received availability pay, the Department's

04-3105                          4

denial of certification for such pay was not a "reduction in pay." It was a refusal to increase pay, not a reduction of it – a quite different concept.

Caven contends, however, that his pay was in effect constructively reduced when the Department refused to increase it by denying him availability pay. He argues that because the Board held that he was entitled to retroactive law enforcement officer status, if he had been given such status in 1994 (as he asserts he should have been), he would necessarily also have been given availability pay from that time; therefore, his pay was reduced when the Department refused to certify him for availability pay.

The argument rests on a fallacious assumption: that law enforcement officers automatically are entitled to assistance pay. The latter pay is not automatic, however, but requires compliance with the requirements of section 5545a, which include certification by both the law enforcement officer and his superior that the officer has met the statutory requirements. Moreover, a law enforcement officer may be denied availability pay for reasons other than a lack of certification. See Martinez v. Merit Sys. Prot. Bd., 126 F.3d 1480, 1482 (Fed. Cir. 1997) (loss of availability pay due to reassignment to non-criminal investigator position was not the result of a denial of certification and therefore was not appealable to the Board under § 5545a(e)(2)).

Finally, the argument is contrary to the well-settled principle that the denial of a promotion that would have provided additional pay is not an appealable reduction in pay. See Donovan v. United States, 580 F.2d 1203, 1207-08 (3d Cir. 1978) (wrongful delay in promotion raised claim that plaintiff should have been paid at a higher rate, and was not a reduction in pay remediable under the Back Pay Act); see also Chaney v. Veterans Admin., 906 F.2d 697, 698 (Fed. Cir. 1990) (a reduction in pay occurs only

when there is an ascertainable lowering of the employee's pay at the time of the action). Moreover, "a denial of premium pay does not constitute a reduction in pay that is appealable to the Board." Nigg v. Merit Sys. Prot. Bd., 321 F.3d 1381, 1384 (Fed. Cir. 2003) (citing Mattern v. Dep't of the Treasury, 291 F.3d 1366, 1370 (Fed. Cir. 2002)).

Caven's argument is similar to one the Supreme Court rejected in United States v. Testan, 424 U.S. 392 (1976). There, government employees who contended that they should have been classified at a higher grade sued in the Court of Claims to recover, through retroactive reclassification of their positions, the difference in pay between the grade they held and the higher grade. In holding that the Court of Claims had no jurisdiction over the suit, the Supreme Court stated:

> There is no claim here that either respondent has been denied the benefit of the position to which he was appointed. The claim, instead, is that each has been denied the benefit of a position to which he should have been, but was not, appointed. The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it.

Id. at 402.

Similarly, here, Caven seeks "availability pay" that he had not received but that he contends he should have been given, and the Board lacks jurisdiction over his claim.

The Board's jurisdiction is limited to actions made appealable to the Board by a law, rule or regulation. 5 U.S.C. § 7701(a); see Minor v. Merit Sys. Prot. Bd., 819 F.2d 280, 282 (Fed. Cir. 1987). Here, Congress has limited the Board's jurisdiction over appeals relating to denials of assistance pay to cases of denial of certification for such pay for employees who had previously been receiving it. Caven does not fall within that class, and the Board therefore correctly held that it had no jurisdiction over his appeal.

04-3105                                                    6

## CONCLUSION

The decision of the Merit Systems Protection Board dismissing Caven's appeal for lack of jurisdiction is

## AFFIRMED.