**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 52**

Docket No. PH-3443-13-0583-I-1

**Michael Gaydar,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

July 17, 2014

Michael Gaydar, St. Inigoes, Maryland, pro se.

Anthony M. Dowdle and Thy H. Nguyen, Patuxent River, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant petitions for review of an initial decision that dismissed this appeal for lack of jurisdiction.  For the following reasons, we DENY the petition and AFFIRM the initial decision AS MODIFIED by this Opinion and Order, still DISMISSING the appeal for lack of jurisdiction.  The initial decision is MODIFIED by addressing an argument that was not addressed below.

BACKGROUND

¶2     The appellant, a GS-15 employee with the Naval Air Systems Command, challenged the agency's furlough action by asserting on appeal to the Board that he was "due back pay" because the furlough's reduction in his basic pay should have caused the agency to pay him locality or premium pay that was otherwise blocked due to a statutory pay cap for his Executive Schedule position. Initial Appeal File (IAF), Tab 1 at 1, 5. In this regard, the appellant appeared to assert that the reduction in the number of hours he worked due to the furlough should have led the agency to adjust and increase his hourly rate for the entire calendar year in order to meet the statutory pay cap. IAF, Tab 1 at 5.

¶3     Based on the written record because the appellant did not request a hearing, IAF, Tab 1 at 2, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 8, Initial Decision (ID) at 1-2. The administrative judge found that the appellant had alleged that any back pay he receives for the furlough days he serves should include premium pay and had challenged the furlough action in a separate appeal. ID at 1-2. The administrative judge therefore held that the appellant's arguments relating to back pay were premature and that he could make arguments relating to the proper calculation of his back pay in a compliance matter if he prevailed on the merits of the furlough. ID at 2. The administrative judge further held that, to the extent that the appellant had alleged that he suffered a reduction in pay, bonus or premium pay is not a part of basic pay, and a loss of or reduction in such pay is not appealable to the Board as a reduction in pay. ID at 2.

¶4     On review, the appellant asserts that the administrative judge misinterpreted his appeal as a request for premium pay that was denied during the furlough. Petition for Review (PFR) File, Tab 1 at 5, 10. Instead, the appellant contends that he had requested on appeal back pay in the category of locality pay, which is categorized as basic pay, and that the implementation of the furlough required administrative updates to the appellant's hourly rate and biweekly pay

calculations, which did not occur. *Id*. at 5, 7. The appellant alleges that this correction to his hourly rate should be applied to the entire 2013 calendar year, not just to the three pay periods covering the furlough. *Id*. at 5. The appellant asserts that an hourly rate correction "is a secondary effect of the furlough resulting from the application of pay caps according to 5 U.S.C. § 5304(g)(1) to Level IV of the Executive Schedule, at $155,500," and that the agency's pay system was not corrected for the reduction in total annual hours worked caused by the furlough. PFR File, Tab 1 at 5, 8. The appellant contends that the pay system did not implement adjustments and applied an hourly rate that was capped, using inaccurate calculations, during a period when no such cap was required. *Id*. at 5-6. The appellant alleges that, because Office of Personnel Management guidance indicates that premium pay requires an adjustment due to the furlough, the same should hold true for locality pay. *Id*. at 7.

¶5 The agency has filed a timely response in opposition to the petition for review. PFR File, Tab 3. The appellant has filed a timely reply to the agency's response to his petition for review. PFR File, Tab 4.

## ANALYSIS

¶6 A reduction in pay is an appealable action under 5 U.S.C. §§ 7512(4) and 7513(d). *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 8 (2012). For adverse action purposes, pay means "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4); *Arrington*, 117 M.S.P.R. 301, ¶ 8. Thus, a reduction in pay is appealable only when "the rate of basic pay fixed by law or administrative action for the position held by an employee" decreases. *Liebeck v. Department of Veterans Affairs*, 77 M.S.P.R. 696, 698 (1998). The Board and the courts have interpreted the term "rate of basic pay" restrictively because Congress intended adverse action rights, such as the right to appeal a reduction in pay, to be given a

narrow construction. *Id*. (citing *Wilson v. Merit Systems Protection Board*, 807 F.2d 1577, 1581 (Fed. Cir. 1986)).

¶7      Here, the appellant has not alleged that the agency decreased the rate of basic pay fixed by law or administrative action for the GS-15 position he held. Instead, he asserts that the agency improperly failed to increase his rate of basic pay as an adjustment in connection with the reduction in the number of hours he worked due to the furlough. Such a failure to increase the appellant's rate of basic pay does not generally constitute a reduction in the rate of basic pay. *See Caven v. Merit Systems Protection Board*, 392 F.3d 1378, 1381-82 (Fed. Cir. 2004) (the denial of a promotion that would have resulted in an increase in pay is not an appealable reduction in pay); *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 10 (2007) (finding no jurisdiction over a claim that an increase in pay was not timely remitted).

¶8      Accordingly, the Board lacks jurisdiction over this appeal because the appellant has not shown that the agency reduced his rate of basic pay.

ORDER

¶9      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.