# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LANE O. SATO,
        Appellant,

    v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-3443-16-0122-I-1

DATE: July 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lane O. Sato</u>, Honolulu, Hawaii, pro se.

<u>Dawn Dobbs</u> and <u>Steven J. Shim</u>, Schofield Barracks, Hawaii, for the
agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant is a GS‑6 Medical Records Technician with the U.S. Army Medical Command at Tripler Army Medical Center in Honolulu, Hawaii. Initial Appeal File (IAF), Tab 6 at 32. On November 18, 2015, the appellant filed a Board appeal, in which he alleged that, over a period of approximately 10 years, the agency had slowly assigned him additional duties warranting a higher grade level. IAF, Tab 1 at 5. He further alleged that: (1) his first‑level supervisor violated 5 U.S.C. § 2302(b)(3) when she ignored his requests for a classification review or upgrade of his position; and (2) his second‑level supervisor violated 5 U.S.C. § 2302(b)(4) and 18 U.S.C. § 1001(a)(2) and (c)(1) when, among other things, she falsely led the appellant to believe that a classification review or upgrade of his position had been initiated. IAF, Tab 1 at 3, 5.

¶3　　On his initial appeal form, the appellant indicated that he had filed a whistleblower complaint with the Office of Special Counsel (OSC) on July 1, 2015, and that OSC had closed its inquiry into his complaint on October 22, 2015. *Id*. at 4. With his appeal, the appellant submitted several documents, including a narrative in which he reiterated his claims regarding the classification of his

position, and alleged, among other things, that the agency committed perjury, denied him equal pay, failed to promote him, discriminated against him based on age and gender, subjected him to a hostile work environment and bullying, and retaliated against him for unspecified actions by accusing him of "spreading propaganda and disruptive behavior." *Id.* at 19‑26.

¶4        The administrative judge issued an acknowledgment order, which informed the appellant that he did not appear to have raised any action directly appealable to the Board and that the Board only has jurisdiction over an individual right of action (IRA) appeal where an appellant exhausts his administrative remedies with OSC and raises nonfrivolous allegations that the agency took or failed to take a personnel action in retaliation for protected whistleblowing.  IAF, Tab 2 at 2‑3.  The administrative judge ordered the appellant to submit evidence and argument regarding the Board's jurisdiction over his appeal.  *Id.* at 3.

¶5        In response, the appellant asserted that one of the documents that he furnished with his initial appeal form was a complaint that he had filed with OSC and that OSC did not process the complaint as a whistleblower complaint.  IAF, Tab 4 at 1.  He attached a July 23, 2015 letter from OSC, which indicated that the appellant had filed a complaint with OSC (OSC File No. MA‑15‑4735), in which he alleged that the agency had discriminated against him based on age and gender and subjected him to a hostile work environment, and raised various matters regarding the classification of his position.  *Id.* at 33‑34.  OSC characterized the appellant's allegations as potential violations of 5 U.S.C. § 2302(b)(1), (b)(3), and b(12), and informed him that it had made a preliminary determination to close its inquiry into his complaint.  IAF, Tab 4 at 33-34.  The appellant also submitted a revised version of his prior narrative statement, dated November 20, 2015, which raised new allegations that his supervisors had abused their authority.  *Id.* at 2‑9; *see id.* at 10‑32.

¶6        Thereafter, the appellant filed an additional pleading in response to the acknowledgment order, in which he alleged, among other things, that he had a pending equal employment opportunity (EEO) complaint and that the agency violated 5 U.S.C. § 2302(b)(9)(A) when it assigned him additional duties and ignored his requests for a classification review or upgrade of his position.  IAF, Tab 5 at 4‑5.

¶7        The agency responded to the appellant's pleadings, arguing that the Board lacked jurisdiction over the appeal.   IAF, Tab 6 at 5‑8, Tab 7.  Thereafter, the appellant filed a motion to withdraw his appeal on the ground that he had another complaint pending before OSC (OSC File No. DI‑16‑0931).  IAF, Tab 8 at 4.

¶8        The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 9, Initial Decision (ID); IAF, Tab 1 at 2.  He found that the Board lacked jurisdiction over the appellant's claims as an IRA appeal because the appellant failed to prove that he exhausted his administrative remedies before OSC regarding any allegations of whistleblower retaliation that he might have raised in his Board appeal.  ID at 12‑13.  He further found that the appellant failed to raise a nonfrivolous allegation that he was subject to an action directly appealable to the Board and that, absent an otherwise appealable action, the Board lacked jurisdiction over the appellant's claims of prohibited personnel practices and retaliation for EEO activity.  ID at 7‑10.  Finally, the administrative judge denied the appellant's request to withdraw his appeal, finding that the initial decision dismissing the appeal for lack of jurisdiction obviated the need to withdraw the appeal and that the appellant could file a new IRA appeal if he exhausted his administrative remedies with OSC.  ID at 5 n.4, 13 n.7.

¶9        The appellant has filed a timely petition for review of the initial decision, in which he argues that the administrative judge erred in denying his motion to

withdraw his appeal. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the Board lacks jurisdiction over the appellant's claims as an IRA appeal.

¶10    The appellant does not contest the administrative judge's finding that the Board lacks jurisdiction over his claims as an IRA appeal, and we discern no basis to disturb this finding on review. PFR File, Tab 1.

¶11    The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). As to the exhaustion requirement, the Board may only consider those disclosures, protected activities, and personnel actions that the appellant raised before OSC. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 14, 18 (2004). The appellant bears the burden of demonstrating by preponderant evidence that he sought corrective action from OSC and exhausted his administrative remedies there. *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001); 5 C.F.R. § 1201.57(c)(1).

¶12    We agree with the administrative judge that, even assuming without finding that the appellant alleged that he made a protected disclosure or engaged in protected activity during his Board appeal, he failed to demonstrate that he exhausted his administrative remedies regarding such allegations before OSC. ID at 12‑13. The appellant did not allege that he exhausted his administrative

remedies before OSC regarding his allegations in OSC File No. DI‑16‑0931, but instead, requested that the administrative judge dismiss the appeal because that complaint was pending before OSC.  IAF, Tab 8 at 4.

¶13    In the appellant's submission that he alleged constituted his complaint in OSC File No. MA‑15‑4735, he did not claim that he made a protected disclosure or that the agency retaliated against him for protected whistleblowing.  IAF, Tab 1 at 7‑26, Tab 4 at 1.  Similarly, in its July 23, 2015 correspondence, OSC characterized the appellant's allegations in OSC File No. MA‑15‑4735 as potential violations of 5 U.S.C. § 2302(b)(1), (b)(3), and b(12), rather than 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  IAF, Tab 4 at 33‑34.  While OSC's opinions and conclusions are not binding on the Board, *see Smith v. Department of Agriculture*, 64 M.S.P.R. 46, 55 (1994), considering the content of the appellant's purported OSC complaint in OSC File No. MA‑15‑4735, we agree with OSC's conclusion that the appellant alleged that the agency committed prohibited personnel practices, but did not allege reprisal for whistleblowing.  For these reasons, we find that the appellant has not shown that he exhausted his administrative remedies before OSC, and therefore, the Board lacks jurisdiction over the appellant's claims as an IRA appeal.  *See, e.g.*, *Finston v. Health Care Financing Administration*, 83 M.S.P.R. 100, ¶¶ 8–10 (1999) (finding that a complaint to OSC alleging a violation of 5 U.S.C. § 2302(b)(4) did not constitute exhaustion of an appellant's administrative remedies regarding his whistleblower allegations).

The administrative judge correctly found that the Board otherwise lacks jurisdiction over the appellant's claims.

¶14    On review, the appellant also does not contest the administrative judge's finding that the Board lacks jurisdiction over the appeal as a direct appeal to the Board.  PFR File, Tab 1.  Again, we discern no reason to disturb this finding on review.

¶15      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which he then must prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶16      Chapter 75 of title 5 grants the Board jurisdiction to hear appeals of certain enumerated adverse actions taken by an agency against an employee. 5 U.S.C. §§ 7512, 7513(d). Such appealable adverse actions include a removal, a suspension for more than 14 days, a reduction in pay or grade, and certain furloughs. 5 U.S.C. § 7512. Having considered the appellant's submissions below and on review, we agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation that he was subjected to an appealable adverse action. ID at 7‑10.

¶17      As the administrative judge correctly found, the Board lacks jurisdiction over the appellant's claims concerning the proper classification of his position. ID at 7‑8; *see Pierce v. Merit Systems Protection Board*, 242 F.3d 1373, 1375‑76 (Fed. Cir. 2001); *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985). The administrative judge also correctly found that, with certain exceptions not applicable here, the Board lacks jurisdiction over claims regarding an agency's failure to promote an employee, or claims regarding the agency's assignment of additional duties to an employee.[2] ID at 8 & n.5; *Harrell*

---

[2] Moreover, the denial of a promotion that would have provided the appellant with a pay increase is not an appealable reduction in pay. *Caven v. Merit Systems Protection Board*, 392 F.3d 1378, 1381 (Fed. Cir. 2004).

*v. U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009) (finding that the Board generally lacks jurisdiction over an appellant's nonselection for a promotion); *D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992) (finding that the Board lacks jurisdiction over matters concerning an agency's authority to assign duties). The appellant's allegations of perjury and false statements by the agency do not constitute appealable adverse actions, and no law, rule, or regulation otherwise grants the Board jurisdiction to review such claims. *See* 5 U.S.C. § 7512.

¶18 Finally, the administrative judge correctly found that, absent an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's claims of prohibited personnel practices or EEO retaliation. ID at 7; *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 21 (2005) (finding that the Board lacked jurisdiction to consider an appellant's claim of retaliation for EEO activity in the absence of an otherwise appealable action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).

¶19 In sum, for the reasons discussed above, we agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation of jurisdiction over his appeal as a direct appeal to the Board.

The administrative judge did not abuse his discretion in denying the appellant's motion to withdraw the appeal.

¶20 On review, the appellant contests the administrative judge's denial of his motion to withdraw his appeal. PFR File, Tab 1 at 4. The appellant's motion to withdraw the appeal indicated that he intended to refile the appeal once he exhausted his administrative remedies before OSC. IAF, Tab 8 at 4. Thus, the appellant's motion reflected that he wished to withdraw his appeal without prejudice. *Simon v. Department of Justice*, 112 M.S.P.R. 169, ¶ 7 (2009) (finding that a relinquishment of an appellant's right to appeal to the Board must be made

by clear, unequivocal, and decisive action). An administrative judge has wide discretion in deciding whether to grant or deny a motion to dismiss an appeal without prejudice. *Cassel v. Department of Agriculture*, 72 M.S.P.R. 542, 546 (1996); 5 C.F.R. § 1201.29(b) (stating that the decision whether to dismiss an appeal without prejudice is committed to the sound discretion of the administrative judge). Here, we find that the administrative judge did not abuse his discretion. The Board lacked jurisdiction over the appeal, and, as the administrative judge correctly noted, the appellant is free to file a future IRA appeal if he exhausts his administrative remedies with OSC regarding any allegations of whistleblowing that he may have raised in his Board appeal. ID at 13 n.7; *see also Bump v. Department of the Interior*, 64 M.S.P.R. 326, 330−33 (1994) (finding that a jurisdictional dismissal of an appellant's prior whistleblower claims for failure to exhaust his administrative remedies before OSC did not bar a second IRA appeal of the same claims after his administrative remedies had been exhausted).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge

the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.