**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY R. CARVELLI,
              Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
SF-3443-17-0504-I-1

DATE: February 13, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Judy Martinez, Hercules, California, for the appellant.

Tanisha J. Locke, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged reduction in pay for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Board's Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The following facts are undisputed and in the record. Effective May 2014, the appellant accepted a voluntary downgrade from an Executive and Administrative Schedule (EAS) 25 position to an EAS-24 position, with 1-year saved salary. Initial Appeal File (IAF), Tab 4 at 48-50. He subsequently applied for a promotion back to a different EAS-25 position. *Id.* at 47. The selecting official selected him and proposed to offer him a 5% salary increase. *Id.* at 45-46. The concurring official approved the selection and the 5% salary increase, to be effective January 10, 2015. *Id.* at 43-44. On December 30, 2014, the agency offered the appellant the position, with the 5% salary increase, which he accepted. *Id.* at 21, 41-42.

¶3    Upon receipt of his Reassignment/Promotion Postal Service Form 50, the appellant noticed that his salary was unchanged from his 1-year saved pay rate. IAF, Tab 1 at 20, Tab 4 at 35, 40. The agency argues that it did not implement the salary increase because it violated its Employee and Labor Relations Manual (ELM), section 415.3(a). Petition for Review (PFR) File, Tab 3 at 4; IAF, Tab 4 at 7-8, 20, 30. That section provides that if an employee in a saved-pay status is promoted to a position at or above the salary "on which the retained rate was established . . . the retained rate continues" until, as applicable here, the 1-year retention period ends. IAF, Tab 4 at 30-31. The appellant and leadership within the San Francisco District, where he was assigned, sought to have his pay rate corrected to what they believed was the proper rate, but the agency denied their requests, citing ELM section 415.3(a). IAF, Tab 1 at 12-14, Tab 4 at 16-18, 20-21, 35. After these requests were unsuccessful, the appellant filed the instant

appeal and then, a few days later, filed a formal complaint of race and age discrimination with the agency.[2]  IAF, Tab 1, Tab 4 at 15-18.

¶4      In his Board appeal, the appellant argued that the agency's denial of the promised salary increase was a reduction in pay or grade.  IAF, Tab 1 at 4.  The administrative judge issued an acknowledgment order, which apprised the appellant that the Board may lack jurisdiction over his appeal; generally referred to 5 C.F.R. § 1201.3, the Board regulation listing the appealable matters within its jurisdiction; and identified a reduction in pay as a type of appealable action within the Board's jurisdiction.  IAF, Tab 2 at 2.  The administrative judge ordered the appellant to respond to the jurisdictional issue.  *Id.*  The appellant submitted a response, and the agency moved to dismiss the appeal as beyond the Board's jurisdiction and untimely filed.  IAF, Tab 4 at 8-12.

¶5      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing.  IAF, Tab 1 at 2, Tab 6, Initial Decision (ID) at 1.  The administrative judge found, without explanation, that the appellant failed to nonfrivolously allege Board jurisdiction over the claimed pay "error" or any other allegation raised.  ID at 2-3.  He did not further clarify the appellant's burden of proof as to a reduction-in-pay claim.  *Id.*

¶6      The appellant has filed a petition for review, reasserting that the agency reduced his pay by denying him the promised 5% salary increase and submits evidence in support of his claim.  Petition for Review (PFR) File, Tab 1.  The agency has responded.  PFR File, Tab 3 at 4-6.  The appellant has filed a reply, arguing that the agency's response was untimely filed.[3]  PFR File, Tab 4 at 2-3.

---

[2] Because the appellant filed his appeal to the Board first, he is deemed to have elected to proceed before the Board.  *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014).

[3] In light of our decision to remand the appeal for further adjudication of the jurisdictional issues, we find it unnecessary to determine the timeliness of the agency's response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The appellant bears the burden of establishing jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A).  If an appellant makes a nonfrivolous allegation that the Board has jurisdiction, he is entitled to a hearing on the jurisdictional question.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue.  *Id.*  Before dismissing an appeal for lack of jurisdiction, an administrative judge must provide an appellant with explicit information on what is required to establish an appealable jurisdictional issue and an opportunity to meet that burden.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

¶8        The Board generally has jurisdiction to review an appeal of a reduction in grade or pay.  5 U.S.C. § 7512(4); *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 6 (2012); *see* 5 C.F.R. § 752.402 (defining "pay" for purposes of chapter 75 as "the rate of basic pay fixed by law or administrative action for the position held by the employee, that is, the rate of pay before any deductions and exclusive of additional pay of any kind").  To establish jurisdiction over the agency's failure to effectuate a promised increase in pay in conjunction with a promotion, an appellant must establish that (1) the increase in rate of basic pay actually occurred; that is, it was approved by an authorized official aware that he was granting the pay increase; (2) the appellant took some action denoting acceptance of the increase in rate of basic pay; and (3) the increase in rate of basic pay was not revoked before it became effective.[4]  *See Levy*, 118 M.S.P.R.

---

[4] In finding that the Board may have jurisdiction over the cancelation of a pay increase in these circumstances, we do not suggest that the cancelation of a pay increase, absent an accompanying promotion, is appealable to the Board.  It is not.  *See Caven v. Merit Systems Protection Board*, 392 F.3d 1378, 1381 (Fed. Cir. 2004) (explaining that the Board lacks jurisdiction over the denial of a promotion and the accompanying increase in pay).  The alleged circumstances differ here because the appellant is alleging that the

619, ¶ 10 (applying these factors to the cancellation of a promotion). Thus, by alleging that the agency offered, and he accepted, a 5% salary increase, the appellant has made nonfrivolous allegations as to (1) and (2).

¶9 We find that the acknowledgment order did not specifically notify the appellant of what he must do to establish Board jurisdiction over his reduction-in-pay appeal. IAF, Tab 2 at 2. Neither the agency's motion to dismiss nor the initial decision cured that error. ID at 2-3, IAF, Tab 4 at 10-12; *see Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005) (recognizing that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if an agency pleading or the initial decision contains the notice that was lacking). Thus, the appellant did not receive explicit information on what was required to establish Board jurisdiction over his reduction-in-pay claim. *See Burgess*, 758 F.2d at 643-44. Therefore, we remand the appeal to afford the appellant an opportunity to make the necessary jurisdictional showing as to the third element of his jurisdiction burden, i.e., that the increase in rate of basic pay was not revoked before it became effective. If he does so, he is entitled to a jurisdictional hearing at which he must prove jurisdiction by preponderant evidence.

¶10 The agency has presented argument and evidence that could potentially rebut any prima facie showing of jurisdiction that the appellant may make as to his reduction-in-pay claim. The agency alleged that it denied the appellant's 5% salary increase because it violated ELM section 415.3(a). IAF, Tab 4 at 7-8. Contrary to the general rule, a reduction in a rate of basic pay is not an appealable action when an agency reduces an employee's basic pay "from a rate that is contrary to law or regulation." *Dekmar v. Department of the Army*, 103 M.S.P.R. 512, ¶ 8 (2006); 5 C.F.R. § 752.401(b)(15). An employee should not be forced to prove that the agency did not make an error in setting his pay because the agency

agency actually promoted him and granted him an accompanying pay increase but that it later canceled only the pay increase. PFR File, Tab 1 at 1.

is in a much better position to know why it originally set the employee's pay as it did and what later led it to conclude that it made an error. *Dekmar*, 103 M.S.P.R. 512, ¶ 9. Thus, if the appellant meets his jurisdictional burden, the administrative judge should hold a hearing at which the parties may address the issue of whether the agency's alleged pay reduction was the correction of a prior rate that was contrary to its ELM.

¶11     To the extent that the appellant is alleging that his race and age were the true reasons for the alleged pay reduction, and not a violation of ELM section 415.3(a), he may present evidence in support of this claim at the jurisdictional hearing. IAF, Tab 4 at 15-16. However, if the Board lacks jurisdiction over the appellant's alleged reduction in pay, it cannot separately adjudicate his discrimination claims. *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 20 (2015) (explaining that, at the jurisdictional stage, the Board will only consider allegations of discrimination and reprisal to the extent they bear on the jurisdictional issue), *aff'd*, 833 F.3d 1432 (Fed. Cir. 2016).

## ORDER

¶12     For the reasons discussed above, we remand this case to the Board's Western Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should explicitly notify the appellant of his jurisdictional burden. If the appellant nonfrivolously alleges jurisdiction, and if the appeal is timely, the administrative judge should hold a jurisdictional hearing, at which the parties may present evidence as to jurisdiction, including whether the agency corrected the appellant's pay pursuant to the ELM or for other reasons.

¶13     The timeliness of the appeal is also at issue. Below, the agency argued that the appeal was untimely by over 2 years without good cause shown for the delay. IAF, Tab 4 at 8-10. The administrative judge did not address the timeliness of the

appeal given his decision to dismiss the appeal for lack of jurisdiction. ID at 1 n*. When an agency is required to notify an individual of his Board appeal rights, but fails to do so, as appears to be the case here, that failure may constitute good cause for a filing delay. *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 15 (2012). In such cases, an appellant need not show that he acted diligently in discovering his Board appeal rights; he need only show that he acted diligently in pursuing his Board appeal rights once he discovered them. *Id.* Because the issues of jurisdiction and timeliness appear to be intertwined, we find it is premature to address the timeliness issue here. *See Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 22. The administrative judge should address the timeliness issue on remand, if necessary.


FOR THE BOARD: 　　　　　　　　　　　　/s/ for
　　　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.