**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

OMAR ALSOOFI,
        Appellant,

      v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
CH-0752-17-0193-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Omar Alsoofi, Dearborn, Michigan, pro se.

Joshua A. Dombrow, Esquire, and Pamela D. Langston-Cox, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his reduction in grade and pay claims for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The essential undisputed facts, as set forth by the administrative judge in the initial decision, are as follows: The appellant was employed as a GS-11, Step 4 Revenue Officer in Detroit, Michigan. Initial Appeal File (IAF), Tab 26, Initial Decision (ID) at 2. Effective July 1, 2012, he accepted a position as a GL-09, Step 10 Criminal Investigator.[2] *Id.* He reported for training in Georgia for his new Criminal Investigator position. *Id.* On November 29, 2012, the agency removed the appellant from training after he failed three examinations in violation of its "three strikes" rule. *Id.* Following the appellant's removal from training, the agency afforded him the option to resign, face a proposed removal, or return to his former position as a Revenue Officer. *Id.* From November 29, 2012, to March 10, 2013, the appellant retained his Criminal Investigator title, but reported to an office in Pontiac, Michigan, for an interim placement away from the training facility in Georgia. *Id.* The appellant declined to resign, and

---

[2] The initial decision mistakenly identifies the appellant's Criminal Investigator position as a GS-09 instead of a GL-09. *Compare* ID at 2, *with* IAF, Tab 10 at 36-42.

the agency transferred him back to his former Revenue Officer position, effective March 10, 2013, in lieu of removing him. *Id.*

¶3      The appellant filed a Board appeal alleging that his involuntary transfer from the Criminal Investigator position to his former Revenue Officer position was a reduction in grade and pay. IAF, Tabs 1, 11. He contended that he suffered a reduction in pay because his rate of basic pay was reduced and he lost Law Enforcement Availability Pay (LEAP). *Id.* He also argued that his locality pay was incorrectly calculated during his interim placement from November 29, 2012, to March 10, 2013, and had the agency properly afforded him locality pay for the Detroit area, his transfer back to his Revenue Officer position would have resulted in a decrease in pay. IAF, Tab 21 at 3, Tab 23 at 3. Finally, he argued that the agency's decision to remove him from training was discriminatory. IAF, Tab 1, Tab 10 at 45.

¶4      Without holding the appellant's requested hearing, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction. ID at 5-8. The administrative judge found that the appellant did not suffer a reduction in grade because his Standard Form 50 (SF-50) indicated that his acceptance of the Criminal Investigator position was a "change to lower grade, level, or band" and, thus, his return to his Revenue Officer position from the Criminal Investigator position amounted to a grade increase. ID at 5. The administrative judge further found that the appellant did not suffer a reduction in pay when he was involuntarily transferred back to his Revenue Officer position because his adjusted basic pay increased from $63,259 to $68,640. ID at 5-6. She also found that LEAP or availability pay is not part of basic pay and the loss of such pay is not appealable to the Board. ID at 5. Finally, she rejected the appellant's argument that he would have suffered a reduction in pay from $68,738 to $68,640 had the agency properly afforded him locality pay for the Detroit area after he was removed from his Criminal Investigator training. ID at 6-7. She also

found that, absent an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's discrimination claim. ID at 7-8.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 On review, the appellant reiterates his argument below that the agency incorrectly assigned his locality pay and, but for that mistake, his involuntary transfer from his Criminal Investigator position to his Revenue Officer position would have amounted to a reduction in pay. PFR File, Tab 1 at 4-5. Such an argument, however, is unavailing. The right to appeal reductions in pay to the Board has been narrowly construed and requires the appellant to show a demonstrable loss, such as an actual reduction in pay, to establish jurisdiction. *See Broderick v. Department of the Treasury*, 52 M.S.P.R. 254, 258 (1992); *see also Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (finding that an appealable reduction in pay occurs only when there is an ascertainable lowering of the employee's pay at the time of the action). Here, it is undisputed that the appellant's adjusted basic pay increased from $63,259 to $68,640 as a result of his involuntary transfer back to his Revenue Officer position. We find, therefore, that the appellant has not made a nonfrivolous allegation that he suffered a reduction in pay and, thus, the administrative judge properly dismissed the appeal without a hearing. *Cf. Caven v. Merit Systems Protection Board*, 392 F.3d 1378, 1381-82 (Fed. Cir. 2004) (finding that the denial of a promotion that would have resulted in an increase in pay is not an appealable reduction in pay).

¶7 The appellant also argues for the first time on review that he suffered a reduction in pay when (1) the agency reduced his pay by $5 a day in supplemental pay after he was removed from Criminal Investigator training in Georgia; and

(2) his pay for pay period 4 of 2013 was reduced from $68,640 to $63,259.  PFR File, Tab 1 at 4.  We decline to consider such arguments in the first instance because they do not appear to be based on new information to the extent they relate to events that occurred in 2012 and 2013, and the appellant has not explained why he could not have raised them below.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶8    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.